■ NICHOLAS A. KARGER, Respondent, v. PIERRE F. NESI, Appellant, et al., Defendants.— Order, entered on September 15, 1960, except so much thereof as denies plaintiff's motion for a severance of the action and the entry of judgment against the defendant-appellant, unanimously modified on the law and on the facts so as to deny the plaintiff's motion unconditionally in all respects, with $10 costs, and, as so modified, the order is affirmed, with $20 costs and disbursements to the appellant. In view of the provisions of section 237-a of the Civil Practice Act, there was no authority in the court below to impose terms upon the defendant Nesi as a condition of allowing him to answer following the denial of his motion to set aside the service of the summons. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ NICHOLAS A. KARGER, Respondent, v. PIERRE F. NESI, Appellant, et al., Defendants.— Order, entered on September 30, 1960, denying appellant's motion to vacate the service on him of the summons and complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ NICHOLAS A. KARGER, Respondent, v. PIERRE F. NESI, Defendant, and NADINE FARBER, Also Known as COUNTESS NADINE DE NAVARRO, et al., Appellants.— Order, entered on June 14, 1960, as denies defendants-appellants' motion for a final order of preclusion with respect to Items 1, 5, 8, 9, 10, 12, 14 and 17 of their demand unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ NORBERT ROESLER et al., as Trustees, Plaintiffs, v. H. CHRISTIAN SONNE, Individually and as Trustee, Defendant and Third-Party Plaintiff-Respondent-Appellant. N. V. NEDERLANDSCHE STANDAARD-BANK, Third-Party Defendant-Appellant-Respondent. SOUTH RIDGE CORPORATION, Plaintiff, v. AMSINCK SONNE CORPORATION, Defendant, and H. CHRISTIAN SONNE, Individually and as Trustee, Impleaded-Defendant and Third-Party Plaintiff-Respondent-Appellant. N. V. NEDERLANDSCHE STANDAARD-BANK, Third-Party Defendant-Appellant-Respondent.— Orders entered December 5, 1958, in each of the above-entitled actions unanimously reversed on the law, with $20 costs and disbursements to the third-party defendant in each action, and the motions to set aside service of the summons and third-party complaints and to strike out the third-party complaints granted, with $10 costs. A foreign corporation may consent to jurisdiction by designating a person to accept process on its behalf. Such consent and authorization, however, must be clear and unequivocal. The March 19, 1957 letter, upon which the third-party plaintiff predicates his claim of jurisdiction by consent, does not meet this test. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.